530

**PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

Name    JUNIEL, Jr.        RICHARD        JAMES
      (Last)          (First)        (Initial)

Prisoner Number    V18808

Institutional Address    475-750   RICE CANYON ROAD

P.O. BOX 750   SUSANVILLE, CA 96217-0790

FILED

AUG 3 1 2007

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

RICHARD JUNIEL, Jr.
_____
(Enter the full name of plaintiff in this action.)

              vs.

T. FELKNER, WARDEN
_____
_____
_____
_____
(Enter the full name of respondent(s) or jailor in this action)

C 07    4542

Case No. _____
(To be provided by the clerk of court)

**PETITION FOR A WRIT**
**OF HABEAS CORPUS**

RMW
(PR)

=================================================================

Read Comments Carefully Before Filling In

When and Where to File

      You should file in the Northern District if you were convicted and sentenced in one of these

counties: Alameda, Contra Costa, Del Norte, Humboldt, Lake, Marin, Mendocino, Monterey, Napa,

San Benito, Santa Clara, Santa Cruz, San Francisco, San Mateo and Sonoma. You should also file in

this district if you are challenging the manner in which your sentence is being executed, such as loss of

good time credits, and you are confined in one of these counties. Habeas L.R. 2254-3(a).

      If you are challenging your conviction or sentence and you were not convicted and sentenced in

one of the above-named fifteen counties, your petition will likely be transferred to the United States

District Court for the district in which the state court that convicted and sentenced you is located. If

you are challenging the execution of your sentence and you are not in prison in one of these counties,

your petition will likely be transferred to the district court for the district that includes the institution

where you are confined. Habeas L.R. 2254-3(b).

PET. FOR WRIT OF HAB. CORPUS        - 1 -

Who to Name as Respondent

You must name the person in whose actual custody you are. This usually means the Warden or jailor. Do not name the State of California, a city, a county or the superior court of the county in which you are imprisoned or by whom you were convicted and sentenced. These are not proper respondents.

If you are not presently in custody pursuant to the state judgment against which you seek relief but may be subject to such custody in the future (e.g., detainers), you must name the person in whose custody you are now <u>and</u> the Attorney General of the state in which the judgment you seek to attack was entered.

A. INFORMATION ABOUT YOUR CONVICTION AND SENTENCE

1. What sentence are you challenging in this petition?

    (a)    Name and location of court that imposed sentence (for example; Alameda County Superior Court, Oakland):

Alameda County Superior Court        Oakland, California

        Court                        Location

    (b)    Case number, if known   C145236A

    (c)    Date and terms of sentence   December 15, 2003

    (d)    Are you now in custody serving this term? (Custody means being in jail, on parole or probation, etc.)      Yes  ✓    No _____

        Where?

        Name of Institution: HIGH DESERT STATE PRISON

        Address: P. O. BOX 3030, SUSANVILLE, CA 96127

2. For what crime were you given this sentence? (If your petition challenges a sentence for more than one crime, list each crime separately using Penal Code numbers if known. If you are challenging more than one sentence, you should file a different petition for each sentence.)

Murder (Cal. P.C. 187); Gun Enhancement (Cal. P.C. 12022.53(d)); GBI CLAUSE (CAL. P.C. 12022.53(d), 12022.53(c), 12022.53(b)); UNLAWFUL FIREARM ACTIVITY (CAL. P.C. 12021(e)); POSSESSION OF ASSAULT WEAPON (CAL. P.C. 12280(b))

3. Did you have any of the following?

        Arraignment:           Yes ✓      No _____

        Preliminary Hearing:      Yes ✓      No _____

        Motion to Suppress:       Yes ✓      No _____

4. How did you plead?

        Guilty _____    Not Guilty ✓    Nolo Contendere _____

        Any other plea (specify) _____

5. If you went to trial, what kind of trial did you have?

        Jury ✓    Judge alone _____    Judge alone on a transcript _____

6. Did you testify at your trial?            Yes ✓      No _____

7. Did you have an attorney at the following proceedings:

      (a)    Arraignment           Yes ✓      No _____

      (b)    Preliminary hearing    Yes ✓      No _____

      (c)    Time of plea          Yes _____     No ✓

      (d)    Trial               Yes _____     No ✓

      (e)    Sentencing          Yes _____     No ✓

      (f)    Appeal             Yes ✓      No _____

      (g)    Other post-conviction proceeding    Yes _____     No ✓

8. Did you appeal your conviction?        Yes ✓      No _____

      (a)    If you did, to what court(s) did you appeal?

           Court of Appeal        Yes ✓      No _____

           Year: 2003        Result: Conviction aff'd. 2/16/06

           Supreme Court of California     Yes ✓      No _____

           Year: 2006        Result: Petition denied. 6/14/06

           Any other court          Yes _____     No ✓

           Year: _____     Result: _____

      (b)    If you appealed, were the grounds the same as those that you are raising in this

1            petition?                              Yes ✓_____    No_____

2         (c)    Was there an opinion?         Yes ✓_____    No_____

3         (d)    Did you seek permission to file a late appeal under Rule 31(a)?

4                                           Yes _____    No ✓_____

5            If you did, give the name of the court and the result:

6                              _____

7                              _____

8 9. Other than appeals, have you previously filed any petitions, applications or motions with respect to

9 this conviction in any court, state or federal?         Yes _____    No ✓_____

10       [Note:  If you previously filed a petition for a writ of habeas corpus in federal court that

11 challenged the same conviction you are challenging now and if that petition was denied or dismissed

12 with prejudice, you must first file a motion in the United States Court of Appeals for the Ninth Circuit

13 for an order authorizing the district court to consider this petition.  You may not file a second or

14 subsequent federal habeas petition without first obtaining such an order from the Ninth Circuit.  28

15 U.S.C. §§ 2244(b).]

16       (a)    If you sought relief in any proceeding other than an appeal, answer the following

17                questions for each proceeding.  Attach extra paper if you need more space.

18           I.      Name of Court: _____

19                  Type of Proceeding: _____

20                  Grounds raised (Be brief but specific):

21                      a._____

22                      b._____

23                      c._____

24                      d._____

25                  Result: _____Date of Result:_____

26           II.     Name of Court: _____

27                  Type of Proceeding: _____

28                  Grounds raised (Be brief but specific):

1    a._____

2    b._____

3    c._____

4    d._____

5    Result: _____Date of Result:_____

6    III.    Name of Court: _____

7    Type of Proceeding: _____

8    Grounds raised (Be brief but specific):

9    a._____

10    b._____

11    c._____

12    d._____

13    Result: _____Date of Result:_____

14    IV.    Name of Court: _____

15    Type of Proceeding: _____

16    Grounds raised (Be brief but specific):

17    a._____

18    b._____

19    c._____

20    d._____

21    Result: _____Date of Result:_____

22    (b)    Is any petition, appeal or other post-conviction proceeding now pending in any court?

23                                 Yes _____    No ✓____

24    Name and location of court: _____

25    B. GROUNDS FOR RELIEF

26    State briefly every reason that you believe you are being confined unlawfully.  Give facts to

27    support each claim.  For example, what legal right or privilege were you denied?  What happened?

28    Who made the error?  Avoid legal arguments with numerous case citations.  Attach extra paper if you

PET. FOR WRIT OF HAB. CORPUS        - 5 -

1  need more space.  Answer the same questions for each claim.

2    [Note:  You must present ALL your claims in your first federal habeas petition.  Subsequent

3  petitions may be dismissed without review on the merits.  28 U.S.C. §§ 2244(b); McCleskey v. Zant,

4  499 U.S. 467,  111 S. Ct. 1454, 113 L. Ed. 2d 517 (1991).]

5    Claim One: THROUGHOUT THE COURSE OF THIS CASE'S INVESTIGATION

6  AND TRIAL, THE OAKLAND POLICE DEPARTMENT PLANTED AND TAMPERED

7  WITH SPECIFIC ALLEGED CRIMINAL EVIDENCE THAT WAS USED TO

8  CONVICT ME AT TRIAL, INCLUDING A GUN SHELL CASING, AN

9  ASSAULT WEAPON (PEOPLE'S EXHIBIT ONE) AND A GUN MAGAZINE

10  (PEOPLE'S EXHIBIT 1A). THE TRIAL COURT MISHANDLED AND LOST

11  EVIDENTIARY ITEMS AS WELL INCLUDING PEOPLE'S EXHIBIT 17C.

12  SUPPORTING FACTS: OFFICER PETER HOPPERT OF THE OAKLAND

13  P.D. TESTIFIED AT TRIAL THAT HE IN FACT UNLAWFULLY REMOVED

14  A GUN SHELL CASING FROM THE CRIME SCENE FOR AN EXTENSIVE

15  AMOUNT OF TIME, THEN FINALLY PLACED IT BACK WHERE HE

16  ORIGINALLY FOUND IT AN BEFORE THE CRIME SCENE COULD BE

17  CONTAINED OR INVESTIGATED BY PROPER CRIME SCENE

18  INVESTIGATING PERSONNEL. OFFICER ROBERT NOLAN OF THE

19  OAKLAND P.D. TESTIFIED AT TRIAL THAT HE INDEPENDENTLY

20  LOCATED AN ASSAULT WEAPON AND (CLIP) MAGAZINE BY

21  HIMSELF IN AN UNOCCUPIED AREA OF THE DEFENDANT'S (CO-)

22  AVA McDONALD'S RESIDENCE WHILE CARRYING OUT A SEARCH.

(CONTINUED ON PAGE# 6A).

23    If any of these grounds was not previously presented to any other court, state briefly which

24  grounds were not presented and why:

25  GROUNDS ONE AND TWO WERE NOT ARGUED IN THE FIRST DISTRICT

26  APPELLATE COURT BECAUSE MY COURT APPOINTED ATTORNEY ARGUED

27  TRIAL RECORD ERROR. GROUND THREE WAS NOT ARGUED IN THE FIRST

28  DISTRICT BECAUSE I WAS NOT AWARE AT THAT TIME OF ITS EXISTANCE IN

29  THE TRIAL RECORD.

PET. FOR WRIT OF HAB. CORPUS      - 6 -

1  OFFICER NOLAS TESTIFIED HE TOUCHED THIS PURPORTED EVIDENCE

2  IN ITS PLACE BEFORE IT COULD BE CONTAINED BY EVIDENCE

3  TECHNICIAN PERSONNEL. IT IS APPARENT THAT BOTH OFFICERS'

4  HUPPERT AND NOLAN'S CLAIM OF ACCIDENTALLY TOUCHING AND

5  TAMPERING WITH SUCH CRUCIAL EVIDENTIARY ITEMS INTRODUCED

6  AT TRIAL, IS AN ATTEMPT TO EXPLAIN AND COVER UP FOR

7  POSSIBLE FINGER PRINTS IDENTIFIABLE TO THESE OFFICERS HAD

8  ANY FINGER PRINTS BEEN LIFTED OR LOCATED ON THIS EVIDENCE.

9  OFFICERS ANTWAN JONES AND SCOTT OLTHOFF OF THE OAKLAND

10  P.D. BOTH TESTIFIED AT TRIAL THAT ON MARCH 4, 2003 THEY

11  WERE AMONGST SEVERAL OFFICERS THAT CONDUCTED A HIGH

12  RISK SECURITY CAR (TRAFFIC) STOP AND THOROUGH INVENTORY

13  SEARCH OF THE VEHICLE DESCRIBED AS A POSSIBLE SUSPECT

14  VEHICLE OCCUPIED BY BOTH MYSELF AND (CO-)DEFENDANT AVA

15  McDONALD. THE CAR STOP AND SEARCH OF THE VEHICLE

16  RESULTED IN NO ARREST OR INDICIA OF ANY POSSIBLE

17  CRIMINAL EVIDENCE BEING LOCATED INSIDE THE CAR. HOWEVER

18  OFFICER CHRISTINE MIDDLETON OF THE OAKLAND P.D. TESTIFIED

19  THAT ON MARCH 6TH, 2003 WHILE PROCESSING THE VEHICLE

20  AGAIN SHE LOCATED A SHELL CASING IN THE CAR THAT HAD

21  NOT BEEN FOUND IN THE PREVIOUS SEARCH. THE TRIAL COURT

22  LOST EVIDENTIARY ITEM PEOPLE'S EXHIBIT 17C. THE TRIAL JUDGE

23  GAVE AN OPINION ON THE RECORD THAT SHE BELIEVED ONE OF

24  THE PROSECUTION WITNESSES' HAD POSSIBLY STOLEN THE ITEM.

25  THE GUNS, MAGAZINE AND SHELL CASINGS THAT WERE PLANTED,

26  TAMPERED WITH AND MYSTERIOUSLY LOCATED BY THE OAKLAND P.D.

27  OFFICERS, WERE SUBSEQUENTLY MATCHED AND CONNECTED TO

28

PAGE # 6A.          CONTINUED ON PAGE # 6B.

1  ME FOR THE PURPOSE OF AN INICIT CONVICTION.

2  <u>CLAIM TWO</u>: VIOLATION OF MY CONSTITUTIONAL RIGHT TO EFFECTIVE

3  ASSISTANCE OF COUNSEL AT PRELIMINARY HEARING AND ABUSE OF

4  DISCRETION BY DENIED CONTINUANCE AND FORCING MY COUNSEL

5  TO PROCEED UNPREPARED.

6  <u>SUPPORTING FACTS</u>: BEFORE THE PRELIMINARY HEARING BEGAN, MY

7  COUNSEL MOVED FOR A CONTINUANCE. MY COUNSEL INFORMED THE COURT THAT

8  HE HAD RECENTLY COMPLETED A HOMICIDE TRIAL AND HAD JUST RECEIVED A

9  JURY VERDICT AROUND 2:00 THAT VERY SAME DAY OF MY HEARING. MY

10  COUNSEL INFORMED THE COURT THAT HE HAD NOT HAD ANY CHANCE AT ALL TO

11  REVIEW THE 450-SOME ODD PAGES OF DISCOVERY IN MY CASE, HAD

12  NOT YET BEEN ABLE TO REVIEW AUDIO TAPES, POLICE REPORTS, POLICE

13  STATEMENTS AND INTERVIEWS OF SEVERAL WITNESSES. MY COUNSEL

14  INDICATED AND EXPLAINED TO THE COURT THAT HE HAD NO OPPORTUNITY

15  TO SIT WITH ME TO DISCUSS THE CASE AND DEVELOPE ANY DEFENSE

16  STRATEGY, AND HE FINALLY CONCLUDED THAT HE COULD NOT VIGOROUSLY

17  REPRESENT ME GIVEN THE STATE OF HIS KNOWLEDGE ABOUT THE CASE.

18  WITHOUT ANY EXPLANATION OR OPINION, THE COURT DENIED MY MOTION

19  FOR CONTINUANCE. AS A RESULT, MY COUNSEL WAS INEFFECTIVE AND

20  I WAS ILLEGALLY COMMITTED TO AND BOUND OVER TO THE

21  SUPERIOR COURT.

22  <u>CLAIM THREE</u>: THE JUROR THAT SAT IN SEAT NUMBER 5 ON MY

23  TRIAL COMMITTED MISCONDUCT WITHIN MY TRIAL.

24  <u>SUPPORTING FACTS</u>: JUROR NUMBER 5 INFORMED THE TRIAL

25  JUDGE THAT SHE HAD NOT HEARD THE COURTS INSTRUCTIONS ON NOT

26  DISCUSSING THE CASE OF MY TRIAL. JUROR NO. 5 ADMITTED TO THE

27  TRIAL JUDGE THAT SHE DISCUSSED THE CASE WITH HER HUSBAND,

1  And That She Had Spoken To A Friend Over The Phone About My
2  Ethnic Race (She Told Her Friend That I Was Black). Juror
3  No. 5 Told The Trial Judge That She And Three Dishissed Juror's
4  Discussed With Each Other How They All Felt About The Case (A
5  Presumption Of My Guilt) And She Described One Of The
6  Dishissed Juror's As Acknowledging That They Were Not Supposed
7  To Be Engaged In Such Conversation. Juror No. 5 Told The
8  Trial Judge That She Had Forgotten To Admit On The Jury
9  Questionaire That She Had A Relationship With A Court Reporter
10  Who Formally Served In My Trial Department. Juror No. 5 Had
11  Described The Court Reporter As Her Neighbor, BabySitter And
12  Friend. Juror No. 5 Indicated That Somehow The Court Reporter
13  Had Known (In Advance) That Juror No. 5 Had Been Selected For
14
15  Jury Duty, And That The Court Reporter Asked Her About The
16  Nature Of The Case And Asked The Name Of The Presiding Trial
17  Judge, To Which Juror No. 5 Told Her. The Trial Judge Appeared To
18  Express Concern Of This Juror's Ability To Serve. And Although
19  This Juror Herself Expressed Her Own Doubt To Preside On The
20  Jury Panel, The Trial Judge Still Failed To Take The Proper Steps
21  To Excuse This Juror. I Had No Knowledge Of Any Of This
22  Information At All Until I Personally Received My Trial Record
23  Years After My Conviction. At The Time Juror No. 5 Came
24  Forward With This Information, My Counsel Waived My Presense
25  And Knowledge Of This Issue Entirely. Juror No. 5 Was Not
26  Honest In Providing Information Within Her Jury Questionaire.
27  As A Result, I Was Convicted By A Person On A Jury
28  Panel Who Clearly Violated Trial Regulations And Expressed

6C.          Continued On Page 6D.

1  RACIAL BIAS AGAINST ME IN DISCUSSIONS ABOUT THIS CASE WITH

2  EXCUSED JURORS AND SOCIAL FRIENDS.

3  CLAIM FOUR: MY TRIAL VIOLATED MY RIGHT TO DUE PROCESS UNDER

4  THE FIFTH AMENDMENT BECAUSE MY TRIAL WAS IMPROPERLY JOINED

5  WITH THE TRIAL OF AN ADVERSE CO-DEFENDANT WITH ANTAGONIZING,

6  IRRECONCILIABLE DEFENSES.

7  SUPPORTING FACTS: JOINDER VIOLATES DUE PROCESS IF IT

8  RESULTS IN PREJUDICE SO GREAT AS TO DENY A DEFENDANT A FAIR

9  TRIAL. IMPROPER JOINDER IN MY TRIAL ALLOWED MY CO-DEFENDANT

10  TO ADMIT A MASSIVE AND STAGGERING AMOUNT OF OTHER ACTS, BAD

11  CHARACTER, AND OTHER CRIMES' EVIDENCE AGAINST ME THAT WOULD

12  NOT HAVE BEEN ADMISSIBLE AT A SEPERATE TRIAL. A SMALL

13  PARTIAL LIST OF THE INADMISSIBLE EVIDENCE IS SET FORTH IN

14  MY PETITION FOR REVIEW AT PAGES 15 THROUGH 18.

15  CLAIM FIVE: MY TRIAL COURT COMMITTED NUMEROUS ERRORS UNDER

16  EVIDENCE CODE SECTIONS 1101, 352 AND VIOLATED MY FEDERAL

17  DUE PROCESS RIGHTS BY ADMITTING AND ALLOWING EVIDENCE OF

18  ALLEGED PRIOR BAD ACTS AND BAD CHARACTER.

19  SUPPORTING FACTS: THROUGHOUT MY TRIAL, THE JUDGE ALLOWED

20  EVIDENCE OF TESTIMONY FROM MY CO-DEFENDANT AND OTHERS'

21  CALLED IN MY CO-DEFENDANTS DEFENSE THAT I WAS A DRUG

22  DEALER, THAT I PERPETUATED DOMESTIC VIOLENCE, ACTS OF RAPE,

23  SPOUSAL ABUSE AND CHILD ABUSE UPON MY CO-DEFENDANT AND HER

24  SON. EVIDENCE WAS PRESENTED THAT I RECEIVED SEXUAL FAVORS

25  FROM MY CO-DEFENDANTS SISTER IN EXCHANGE FOR DRUGS,

26  THAT I HAD PREVIOUSLY WOKEN MY CO-DEFENDANT UP OUT OF HER

27  SLEEP WITH A GUN POINTED AT HER HEAD AND CALLED HER THE

28  ENEMY, THAT I CONTINUOUSLY CHEATED AND COMMITTED

6D.    CONTINUED ON PAGE 6E.

1  Infidelity With Other Women, That I Was In A Gang, And So

2  Forth. Evidentiary Item Peoples Exhibit 43 Contained Several

3  Items Within A Manila Envelope Including Prior California Youth

4  Authority Behavioral And Disciplinary Reports As Well As Delinquent

5  Juvenile Court Matters And Arrest Reports Which The Trial Judge

6  Ruled All Out As Inadmissible. The Manila Envelope Containing

7  These Items Were Offered By The Prosecution For The Sole

8  Purpose Of Prejudice Before The Jury, And To Prove That I

9  Lived At My Co-Defendants Residence, Where It Was Located

10 By Police During A Search. The Prejudicial Effect Seriously

11 Out Weighed Any Probative Value In This Evidence Item.

12 Over My Objection The Court Still Admitted The Prejudicial

13 Item Into Evidence, Which Was Exposed To The Jury During

14 Deliberations. The Admission Of All Of This Highly Inflammatory

15 Evidence Rendered My Trial Unfair And My Conviction Invalid

16 Under The Due Process Clause.

17 CLAIM SIX: My Trial Violated My Right To Attorney-Client

18 Priviledges (Which Inhere's Sixth Amendment Rights To Counsel

19 And Other Federal Constitutional Provisions) By Admitting

20 Into Evidence Highly Prejudicial And Priviledged Information

21 Within A Letter To My Attorney Without Conducting The

22 Requisite 402 Hearing.

23 SUPPORTING FACTS: My Co-Defendants' Counsel Confronted

24 Me On Cross-Examination At Trial With A Letter I Had

25 Written To My Attorney, Which Contained Idea's And Crucial

26 Information About The Case For A Potentially Different

27 Defense At Trial. When Confronted With The Letter, I

28 Made A Prima-Facie Claim Of Attorney-Client Priviledge

(6E.)                    CONTINUED ON PAGE 6F.

1  AND INFORMED THE COURT I HAD NOT GIVEN ANY CONSENT OR
2  PERMISSION TO THE INVESTIGATOR (WHO I WAS COMPELLED TO SHARE
3  WITH MY ADVERSE CO-DEFENDANT) TO DISCLOSE ANY OF THE LETTERS
4  CONTENTS TO ANYONE, AND I OBJECTED TO THE USE OF MY
5  PRIVILEDGED LETTER. THE TRIAL JUDGE ALLOWED MY CO-DEFENDANTS
6  COUNSEL TO BASICALLY TESTIFY AND DISPUTE MY CLAIM OF THE
7  PRIVILEDGE IN OPEN COURT BEFORE THE JURY, AND THE COURT
8  ALLOWED THE LAWYER TO IMPEACH AND ASK ME QUESTIONS ABOUT
9  ALL OF THE INFORMATION WITHIN THE LETTER. AT THE NEXT RECESS
10 THE TRIAL JUDGE SUBSEQUENTLY SUSTAINED MY OBJECTION AND
11 CLAIM OF ATTORNEY-CLIENT PRIVILEDGE, YET THE COURT TOOK NO
12 STEPS OR MADE ANY EFFORDS TO CURE THE ERROR AND
13 PREJUDICE I SUFFERED BY THE CONFIDENTIAL INFORMATION EXPOSED
14 TO THE JURY. THIS CONTRIBUTED TO THE JURIES DETERMINATION OF
15 MY CREDIBILITY ON TESTIMONY.
16 CLAIM SEVEN: MY TRIAL COURT VIOLATED MY RIGHT TO DUE
17 PROCESS AND MY RIGHT TO PRESENT A DEFENSE BECAUSE THE
18 TRIAL JUDGE ALTERED AND TOTALY CHANGED HER INITIAL RULING
19 (AFTER I RESTED THE PRESENTATION OF MY DEFENSE) AND PLACED
20 UNREASONABLE LIMITATIONS ON MY RESPONSE AND DEFENSE TO
21 THE CHANGED RULING.
22 SUPPORTING FACTS: AT THE BEGINNING OF TRIAL, THE COURT
23 RULED THAT MY CO-DEFENDANT WOULD NOT BE ALLOWED TO
24 PRESENT EVIDENCE OF PRIOR BAD ACTS AND BAD CHARACTER.
25 I PROCEEDED IN THE TRIAL BASED ON THAT RULING AND I
26 RESTED MY DEFENSE. AFTER I DID, THE TRIAL JUDGE CHANGED
27 HER MIND AND ALLOWED MY CO-DEFENDANT TO PRESENT A MASSIVE
28 AMOUNT OF EVIDENCE OF PRIOR BAD ACTS AND BAD CHARACTER.

1  Ironically, The Trial Judge Blamed Me For The Extended Duration
2  Of The Trial And Rushed Me Throughout The Remainder Of The
3  Trial. The Court Ordered Me To Finish My Cross-Examination
4  Of The Co-Defendant, Who Not Only Spent The Entire Trial
5  Accusing Me Of Committing The Crime For Which I Was Standing
6  Trial, But Of Other Myriad And Criminal Acts, And I Was Not
7  Allowed To Ask Probative Impeachment Questions. I Was Only
8  Allowed A Few Minutes To Respond To Adverse Rebuttal Witnesses'
9  After My Testimony, And One Hour Of Closing Argument To
10  Respond To The Prosecution's 14 Witnesses And My Adverse Co-
11  Defendants' 10 Witnesses. Fifty-Three Minutes Into My
12  Closing Argument, The Trial Judge Interrupted Me In Open
13  Court And Ordered Me To Bring My Closing To A Conclusion.
14  I Was Pressured, Frustrated Intentionally By The Trial Courts
15  Abuse Of My Right To Present My Defense Effectively.
16  CLAIM EIGHT: Violation Of My Fifth Amendment Rights To
17  Remain Silent (Due Process). The Trial Judge Forced Me,
18  In Violation Of Brooks J. Tenn (406 J.S. 605) To Declare In
19  Advance If I Would Testify.
20  SUPPORTING FACTS: The Trial Judge Required Me To Tell
21  Her (Before All Of The Evidence Against Me Was In) If I Was
22  Planning To Testify. I Objected And Attempted To Explain
23  To The Court That I Had Not Yet Decided, And I Wanted To
24  Wait And Weigh Out What Adverse Witness Testimony And Other
25  Acts Evidence Would Amount To. The Trial Judge Expressed Her
26  Frustration That She Could Not Finalize Jury Instructions
27  Because Of The Fact That I Wanted To Wait Until The Rest
28  Of The Evidence Was In Before I Testified.

1  THE TRIAL JUDGE THEN ISSUED A VEILED THREAT TO ME; THAT ALTHOUGH
2  I COMPLETED THE PRESENTATION OF MY DEFENSE, IT WAS WITHIN
3  HER DISCRETION TO ALLOW ME TO RE-OPEN MY DEFENSE AND PRESENT
4  SURREBUTTAL AND NEW EVIDENCE, AND SHE MIGHT PREVENT ME
5  FROM DOING SO. I AGAIN OBJECTED, AND THE TRIAL JUDGE TOLD ME TO
6  GIVE HER A YES OR A NO - DIRECT ANSWER AT THAT MOMENT IF I
7  WOULD TESTIFY. I HASTILY RESPONDED I WOULD TESTIFY - TO THE
8  TRIAL JUDGES SATISFACTION, AS WELL AS THE PROSECUTOR'S AND MY
9  ADVERSE CO-DEFENDANTS. MY DECISION UNDER DURESS TURNED OUT
10  TO BE EXTREMELY DAMAGING TO MY DEFENSE AND SURELY DID
11  CONTRIBUTED TO MY CONVICTION. THIS IS A VIOLATION OF MY RIGHTS
12  UNDER BROOKS V. TENNESSEE.
13  <u>CLAIM NINE</u>: THE TRIAL COURT VIOLATED STATE AND FEDERAL
14  LAW BY REFUSING TO GIVE AN INSTRUCTION REGARDING THE LESSER
15  INCLUDED OFFENSE OF MANSLAUGHTER.
16  <u>SUPPORTING FACTS</u>: EVIDENCE WAS PRESENTED AT TRIAL
17  THAT THERE WERE SEVERAL CONFRONTATIONAL DISPUTES AND FIGHTS
18  THAT OCCURED BETWEEN MY CO-DEFENDANT, THE VICTIM, MY CO-
19  DEFENDANTS SISTER AND THE VICTIM'S NEICE, ALL WITHIN 24 HOURS
20  OF THE HOMICIDE. THE JURY HEARD THAT THE VICTIM, UNDER THE
21  INFLUENCE OF ALCOHOL AND CRACK COCAINE AT THE TIME, WALKED
22  OVER TO MY CO-DEFENDANTS CAR AS MY CO-DEFENDANT PULLED
23  UP TO PARK IN FRONT OF HER HOME GARAGE AFTER WORK LATE AT
24  NIGHT. THE VICTIM BEGAN BANGING ON CO-DEFENDANTS CAR WINDOW
25  AND STARTED MAKING THREATS WITH A KNIFE WHILE CO-DEFENDANT
26  SAT FRIGHTENED INSIDE HER CAR. THE PROSECUTIONS THEORY OF THE
27  CASE WAS THAT, THE NEXT DAY AFTER THIS INCIDENT, CO-DEFENDANT
28  AND I MURDERED THE VICTIM IN RESPONSE TO THAT CONFRONTATION

          CONTINUED ON PAGE 65.

1  INITIATED BY THE VICTIM. HAD THE JURY BEEN INSTRUCTED ON THE
2  LESSER INCLUDED OFFENSE OF MANSLAUGHTER, IT IS A VERY
3  SIGNIFICANT POSSIBILITY THAT THE JURY MAY HAVE FOUND THAT
4  CO-DEFENDANT AND I (ACTING OUT OF PASSION AND IN RESPONSE
5  TO THE VICTIM'S THREAT WITH A KNIFE) KILLED THE VICTIM IN AN
6  ACTUAL - - - ALTHOUGH UNREASONABLE BELIEF IN THE NEED TO
7  DEFEND CO-DEFENDANT AGAINST IMMINENT PERIL TO LIFE,
8  GREAT BODILY INJURY OR FROM BEING THREATENED BY THE
9  VICTIM WITH A KNIFE AGAIN. I WAS THEREFORE ENTITLED TO THE
10 LESSER INCLUDED OFFENSE AS SUPPORTED BY THE EVIDENCE.
11 __CLAIM TEN:__ THE TRIAL COURT VIOLATED STATE AND FEDERAL
12 LAW BY REFUSING TO GIVE CALJIC NUMBER 8.73.
13 __SUPPORTING FACTS:__ FOR THE SAME REASONS THAT IT WAS
14 REVERSIBLE ERROR AND VIOLATION OF STATE AND FEDERAL LAW TO
15 REFUSE TO GIVE MANSLAUGHTER INSTRUCTIONS, IT WAS ALSO ERROR
16 FOR THE COURT TO REFUSE TO GIVE CALJIC 8.73. AS STATED
17 IN CLAIM NINE, THERE WAS A PREPONDERANCE OF EVIDENCE
18 INTRODUCED AT TRIAL TO SHOW PROVOCATION SUFFICIENT ENOUGH
19 THAT THE JURY MIGHT HAVE FOUND THE MURDER TOOK PLACE WITHOUT
20 DELIBERATION AND PREMEDITATION. CO-DEFENDANT ANA McDONALD
21 TESTIFIED HERSELF THAT, DESPITE THE ALTERCATION SHE HAD WITH
22 THE VICTIM THE NIGHT BEFORE, SHE NOR I HAD ANY PLAN TO KILL
23 THE VICTIM. McDONALD TESTIFIED THAT WHILE SHE AND I WERE
24 DRIVING ON OUR WAY HOME FROM A STORE, THE VICTIM APPROACHED
25
26 OUR CAR AT A STOP LIGHT AND THAT I ASKED THE VICTIM ABOUT
27 THE CONFRONTATION WITH McDONALD. McDONALD TESTIFIED THAT I
28 SUDDENLY BECAME ANGRY WHILE TALKING TO THE VICTIM AND JUST

1   Started Shooting. Based On McDonald's Testimony, The Jury

2   Could Have Concluded That I Shot The Victim Only After Having

3   An Exchange Of Heated Words With The Victim - - - The Kind Of

4   Provocation Sufficient To Raise A Reasonable Doubt In The

5   Minds Of The Jurors Regarding Whether The Accused Planned

6   The Killing In Advance, Even If Insufficient To Reduce The

7   Crime To Manslaughter. But Despite The Evidence And My

8   Request For The Instruction, The Court Still Refused To Give

9   Instructions On CALJIC 8.73. As A Result, The Court Deprived

10   Me Of My Right To Have A Complete Set Of Instructions On

11   Applicable Lesser Included Offenses.

12   **CLAIM ELEVEN:** Violation Of My Constitutional Right To Due

13   Process By The Prosecutor's Misconduct Through Out The Trial.

14   **SUPPORTING FACTS:** In Opening Argument, The

15   Prosecutor Vouched For The Excellence Of Witness Lansing Lee,

16   Who Was Offered As An Expert Witness For The State Later In

17   The Trial. That Vouching Was Based On The Prosecutor's Personal

18   Knowledge And Experience (Evidence Outside The Record).

19   The Prosecutor Testified In Open Court During My Cross -

20   Examination Of State Witness Rischalda Williams. In

21   Closing Argument, The Prosecutor Vouched For The Fairness

22   Of The Judge, The Fairness Of The Trial, The Fairness Of

23   The Prosecutor Himself, The Truthfulness Of My Co-Defendant

24   Attorney (Who Testified In Open Court While I Was On The Stand),

25   And The Prosecutor Also Vouched For The Excellence Of My

26   Fired Attorney. All Of The Prosecutor's Vouching Was Based On

27   His Own Opinion And Personal Knowledge Gained Outside Of

28   The Record. The Prosecutor Said That He, My Co-Defendants

6J.      Continued On Page 6K.

1 Attorney and my Fired Attorney were all Jovial, That they got

2 along Because they all knew one another from other Cases over

3 the years. The Trial Judge Stated during one of my motions

4 that she had known my Fired Attorney for 30 years and that

5 He had extensive experience. The Trial Judge as well as the

6 Prosecutor all openly stated their personal Relations with

7 my Counsel and one another. Tellingly, It Is Evident that

8 my Attorney, my Co-Defendants Attorney, the Prosecutor and Trial

9 Judge were all going to work In Cahoots together for the

10 State and, with respect to my Fired Attorney, Not In my Best

11 Interests Nor the Interests Of Justice. For the Prosecutor

12 to Use the open Court Dispute between my Co-Defendants

13 Attorney and myself Concerning my Attorney-Client Claim to

14 Prove I was a Liar, was Very Reprehensable. The Prosecutors

15 Intentions were to make It appear that, my own Attorney

16 and Co-Defendants Attorney felt that I was Guilty, and the

17 Prosecutor did so Not only By Using the Attorney Client

18 Dispute, But Vouching For the Excellence Of Both my Co-

19 Defendants Attorney (who Spent the Entire Trial Trying to Shift

20 Blame Completely On me) and my Fired Attorney (Incompetent),

21 By doing So the Prosecutor was Intending to Apply that,

22 Based On His Personal Knowledge, my Co-Defendants Attorney

23 was Telling the Truth. In the Prosecutor's Closing Argument,

24 He Said (In Part): I Know Lorna Brown. She Is Not

25 Lieing, No way! (RT2214). Over my Objections, The

26 Prosecution Elaborated On and made Continous Comments

27 About my Decision To Represent myself, Stating that It

28 was No One's Fault But Hides that I made An Unfortunate

6K.                    Continued On Page 6L.

1  DECISION TO DO SO. THE PROSECUTOR STATED THAT HE AVOIDS
2  PROSECUTING PEOPLE IN UNFAIR TRIALS, AND INTENTIONALLY AND
3  CONTINUOSLY MISSTATED WITNESS TESTIMONY AND EVIDENCE THROUGH
4  OUT THE TRIAL, STATING FALSELY THAT HE COULD HAVE OBJECTED
5  TO MUCH OF MY EVIDENCE, BUT HAD CHOSEN TO SIT AND JUST ALLOW
6  MY OTHERWISE INADMISSIBLE EVIDENCE COME ONTO THE RECORD.
7  THE PROSECUTOR COMMENTED ON EVIDENCE THAT WAS NOT
8  INTRODUCED AT TRIAL DURING MY SENTENCING.

6h.

1   List, by name and citation only, any cases that you think are close factually to yours so that they

2   are an example of the error you believe occurred in your case. Do not discuss the holding or reasoning

3   of these cases:

4   CLAIM TWO: JENNINGS V. SUPERIOR COURT, (67) 66 CAL. 2d 867 -

5   (RIGHT TO DEFENSE AT PRELIMINARY); PEOPLE V. FONTANA, (82)139 CAL.

6   APP. 3d 326 (EFFECTIVE DEFENSE AT PRELIMINARY); CONTINUE ON 7A.

7   Do you have an attorney for this petition?                    Yes_____    No_✓___

8   If you do, give the name and address of your attorney:

9   _____

10      WHEREFORE, petitioner prays that the Court grant petitioner relief to which s/he may be entitled in

11   this proceeding. I verify under penalty of perjury that the foregoing is true and correct.

12

13   Executed on _AUGUST 24TH, 2007_                _____

14                          Date                                    Signature of Petitioner

15

16

17

18

19

20   (Rev. 6/02)

21

22

23

24

25

26

27

28

PET. FOR WRIT OF HAB. CORPUS          - 7 -

1  CLAIM FOUR: U.S. v. LANE, (86) 474 U.S. 438 (PREJUDICIAL JOINDER
2  VIOLATES DUE PROCESS); BEAN v. CALDERON, 163 F.3d 1073, 1084
3  (9TH CIR. 1998) (SAME); PEOPLE v. MASSIE, (1967) 66 CAL. 2d 899-
4  (SAME); CLAIM FIVE: U.S. v. BREWIG, (6TH CIR. 1995) 70 F.3d 850,
5  853 (OTHER ACTS AND CHARACTER EVIDENCE); U.S. v. HAYANS, (9TH CIR.
6  1994) 17 F.3d 1174 (SAME); U.S. v. BRADLEY, (9TH CIR. 1993) 5 F.3d
7  1317, 1320 (SAME); CLAIM SIX: TITMAS v. SUPERIOR COURT, (2001) 87
8  CAL. APP. 4TH 738, 740 (ATTORNEY-CLIENT PRIVILEDGE); BITTAKER v.
9  WOODFORD, (9TH CIR. 2003) 331 F.3d 715, 724 N.7 (SAME);
10  CLAIM SEVEN: HILTON v. MORRIS, (9TH CIR. 1985) 767 F.2d 1443,
11  1446-1447 (RIGHT TO PREPARE AND PRESENT DEFENSE); PEOPLE v.
12  JENKINS, (2000) 22 CAL. 4TH 900, 1000 (SAME); PEOPLE v. DIAZ, (1984)
13  195 CAL. APP. 3d 1375, 1383 (SAME); CONDE v. HENRY, (9TH CIR. 1999)
14  198 F.3d 734, 739 (SAME); CLAIM EIGHT: BROOKS v. TENNESSEE,
15  (1972) 406 U.S. 605 (FORCED TO DECLARE IN ADVANCE TO TESTIFY);
16  PEOPLE v. CIOCCIA, (2002) 97 CAL. APP. 4TH 785, 790 (SAME); BELL v.
17  STATE, (1989) 66 MISS. 192, 194, 5 SO. 389, (SAME); NIELSEN v.
18  SUPERIOR COURT, (1997) 55 CAL. APP. 4TH 1150, 1156 (SAME); PEOPLE
19  v. JONES, (1992) 2 CAL. APP. 4TH 867, 873 (FIFTH AMENDMENT RIGHT
20  AGAINST SELF-INCRIMINATION); PEOPLE v. VARGAS, (1984) 195 CAL.
21  APP. 3d 1385, 1391 (SAME); CLAIM NINE: PEOPLE v. LASKO, (2000) 23
22  CAL. 4TH 101, 108 (LESSER INCLUDED OFFENSE OF MURDER); PEOPLE v.
23  FLANNEL, (1979) 25 CAL. 3d 668, 681-683 (MUST INSTRUCT IF
24  SUPPORTED BY THE EVIDENCE); PEOPLE v. MEMRO, (1995) 11 CAL. 4TH
25  786, 871 (SAME); PEOPLE v. BARTON, (1995) 12 CAL. 4TH 186 (SAME);
26  CLAIM TEN: PEOPLE v. VALENTINE, (1946) 28 CAL. 2d 121, 132
27  (INTENT TO COMMITT WITHOUT DELIBERATION AND PREMEDITATION);
28  PEOPLE v. WICKERSHAM, (1982) 32 CAL. 3d 307, 329 (SAME);

-7A-    CONTINUED ON PAGE 7B.

1  CLAIM ELEVEN: DARDEN V. WAINWRIGHT, (1986) 477 U.S. 168, 181 -
2  (IMPROPER REMARKS MADE BY PROSECUTOR); PEOPLE V. ESPINOZA, (1992)
3  3 CAL. 4TH 806, 820 (SAME); U.S. V. LAMORTE, (2d CIR. 1991) 950
4  F. 2d 80, 83 (SAME); PEOPLE V. ANDERSON, (1990) 52 CAL. 3d 453, 479
5  (VOUCHING OUTSIDE OF RECORD); PEOPLE V. CASH, (2003) 28 CAL. 4TH
6  703, 732 (STATING FACTS IN ARGUMENT NOT IN EVIDENCE); PEOPLE V.
7  BAIN, (1971) 5 CAL. 3d 839, 848 (STATEMENTS BASED ON EVIDENCE NOT
8  ADDUCED AT TRIAL); PEOPLE V. MINCEY, (1992) 2 CAL. 4TH 408, 447
9  (SAME); U.S. V. PHILLIPS, (4TH CIR. 1975) 527 F. 2d 1021, 1022 -
10 1023 (MISSTATEMENTS OF LAW BY PROSECUTOR IN CLOSING ARGUMENT).
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28