*E-FILED - 4/28/08*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD JAMES JUNIEL, JR.,  Petitioner,  vs.  T. FELKNER, Warden,  Respondent. | No. C 07-4542 RMW (PR)  ORDER GRANTING PETITIONER'S MOTION TO PROCEED IN FORMA PAUPERIS; ORDER TO SHOW CAUSE  (Docket No. 3) |

Petitioner, a state prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and a motion to proceed in forma pauperis. The court finds that petitioner has shown good cause to proceed in forma pauperis and will GRANT petitioner's motion (docket no. 3). The court orders respondent to show cause why a writ of habeas corpus should not be issued.

**BACKGROUND**

According to the petition, an Alameda Superior Court jury convicted petitioner of murder with the personal use of a firearm and an enhancement for great bodily injury (Cal. Penal Code §§ 187, 12022.53(b), (c), (d)) and possession of an assault weapon (Cal. Penal Code §§ 12280(b)). Petitioner was sentenced on December 15, 2003, and is currently serving his sentence at High Desert State Prison. On direct appeal, the state appellate court affirmed the judgment and conviction on February 16, 2006.

The state supreme court denied a petition for review on June 14, 2006. The instant federal petition was filed on August 31, 2007.

## DISCUSSION

### A.  Standard of Review

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975).

A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

### B.  Petitioner's Claims

As grounds for federal habeas relief petitioner asserts that: (1) the police department tampered with evidence used to convict him at trial; (2) ineffective assistance of counsel at the preliminary hearing and abuse of discretion by the denial of a continuance which forced defense counsel to proceed unprepared; (3) juror misconduct; (4) petitioner's trial was improperly joined with the trial of an adverse co-defendant with antagonizing, irreconcilable defenses which violated his right to due process; (5) the admission of evidence of alleged prior bad acts and bad character violated his federal right to due process and was erroneous under the California Evidence Code; (6) the admission of petitioner's letter to his attorney at trial violated the attorney-client privilege under the Sixth Amendment and was admitted without the requisite 402 hearing; (7) the trial court's ruling concerning the admission of his prior bad acts and bad character violated his right to due process and right to present a defense; (8) the trial court forced petitioner to declare in advance whether he would testify in violation of his right to remain silent under the Fifth Amendment; (9) the trial court's refusal to give an instruction regarding the lesser-included offense of manslaughter violated state and federal law; (10) the trial court's failure to give an instruction pursuant to CAL JIC

No. 8.73 violated state and federal law; and (11) prosecutorial misconduct throughout the trial violated his right to due process. Liberally construed, petitioner's allegations are sufficient to require a response. The court orders respondent to show cause why the petition should not be granted.

## CONCLUSION

1.      Petitioner's motion to proceed in forma pauperis (docket no. 3) is GRANTED.

2.      The clerk shall serve by mail a copy of this order and the petition (docket no. 1) and all attachments thereto upon the respondent and the respondent's attorney, the Attorney General of the State of California. The clerk shall also serve a copy of this order on the petitioner.

3.      Respondent shall file with the court and serve on petitioner, within **sixty days** of the date of receipt of this order and the petition, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on petitioner a copy of all portions of the underlying state criminal record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within **thirty days** of his receipt of the answer.

4.      Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases within **sixty days** of the date of receipt of this order. If respondent files such a motion, petitioner shall file with the court and serve on respondent an opposition or statement of non-opposition within **thirty days** of receipt of the motion, and respondent shall file with the court and serve on petitioner a reply within **fifteen days** of receipt of any opposition.

1     5.    It is petitioner's responsibility to prosecute this case. Petitioner is reminded that all communications with the court must be served on respondent by mailing a true copy of the document to respondent's counsel. Petitioner must keep the court and all parties informed of any change of address by filing a separate paper captioned "Notice of Change of Address." He must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: 4/21/08

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge