1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DANE R. GILLETTE
   Chief Assistant Attorney General
3  GERALD A. ENGLER
   Senior Assistant Attorney General
4  PEGGY S. RUFFRA
   Supervising Deputy Attorney General
5  JOAN KILLEEN
   Deputy Attorney General
6  State Bar No. 111679
     455 Golden Gate Avenue, Suite 11000
7    San Francisco, CA 94102-3664
     Telephone: (415) 703-5968
8    Fax: (415) 703-1234
     Email: Joan.Killeen@doj.ca.gov
9  Attorneys for Respondent

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| **RICHARD JAMES JUNIEL, JR.,** | C 07-4542 RMW (PR) |
| Petitioner, | |
| v. | |
| **T. FELKNER, Warden,** | |
| Respondent. | |

**MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS FOR FAILURE TO EXHAUST STATE REMEDIES**

1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DANE R. GILLETTE
   Chief Assistant Attorney General
3  GERALD A. ENGLER
   Senior Assistant Attorney General
4  PEGGY S. RUFFRA
   Supervising Deputy Attorney General
5  JOAN KILLEEN
   Deputy Attorney General
6  State Bar No. 111679
    455 Golden Gate Avenue, Suite 11000
7   San Francisco, CA 94102-3664
    Telephone: (415) 703-5968
8   Fax: (415) 703-1234
    Email: Joan.Killeen@doj.ca.gov
9  Attorneys for Respondent

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| RICHARD JAMES JUNIEL, JR., | C 07-4542 RMW (PR) |
|---|---|
| Petitioner, | **MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS FOR FAILURE TO EXHAUST STATE REMEDIES** |
| v. | |
| T. FELKNER, Warden, | |
| Respondent. | |

Respondent hereby moves for an order dismissing the petition for writ of habeas corpus, filed on August 31, 2007, for failure to exhaust state remedies. A motion to dismiss in lieu of an answer on the merits is proper where the petition is procedurally defective. *See O'Bremski v. Maass*, 915 F.2d 418, 420 (9th Cir. 1990); *White v. Lewis*, 874 F.2d 599, 602 (9th Cir. 1989); Rules Governing 28 U.S.C. § 2254 Cases, Rule 4, and Advisory Committee Notes. We have not noticed a hearing date because petitioner is an incarcerated state prisoner who is representing himself in this case.

A review of the record shows that petitioner failed to exhaust his state court remedies with

Respondent's Notice Of Motion And Motion To Dismiss For Failure To Exhaust State Remedies - C 07-4542 RMW (PR).

1

respect to eight of the eleven claims raised in his petition, as well as a portion of one of the three remaining claims. Accordingly, respondent moves to dismiss the petition.

## MEMORANDUM OF POINTS AND AUTHORITIES

**A.  Procedural Background**

On May 30, 2003, the Alameda County District Attorney charged petitioner with murder, with an allegation that he personally and intentionally discharged a firearm that proximately caused great bodily injury and death, unlawful possession of a firearm, and possession of an assault weapon, Cal. Penal Code §§ 187, 12021(e), 12022.53(c)-(d), 12280(b). On September 25, 2003, a jury found petitioner guilty as charged. On December 15, 2003, the trial court sentenced petitioner to 50 years eight months to life in state prison. *See* Exh. B at 1.

Petitioner appealed his convictions. Exh. A. On February 16, 2006, the California Court of Appeal affirmed the judgment. Exh. C. On June 14, 2006, the California Supreme Court denied review. Exh. E.

On August 31, 2007, petitioner filed a petition for writ of habeas corpus in this Court. On April 28, 2008, the Court issued an Order to Show Cause.

**B.  The Petition Should Be Dismissed Because Petitioner Failed to Exhaust State Remedies**

For reasons of comity, a state prisoner must first exhaust his constitutional claims in state court before seeking habeas relief in the federal courts. 28 U.S.C. § 2254(b); *Rose v. Lundy*, 455 U.S. 509, 518-519 (1982). In order to exhaust a claim, the defendant must "fairly present" the specific factual and legal bases for each claim to the state's highest court. *Duncan v. Henry*, 513 U.S. 364, 365 (1995). This requires state prisoners to "give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," including discretionary review to the state supreme court if that is the state's practice. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Thus, presenting a claim only to the California Court of Appeal is insufficient to exhaust; it must be presented to the California Supreme Court. *James v. Giles*, 221 F.3d 1074, 1077 n.3 (9th Cir. 2000); *Gatlin v. Madding*, 189 F.3d 882, 888 (9th Cir. 1999); *Larche v. Simon*, 53 F.3d 1068, 1071-1072 (9th Cir. 1994).

Respondent's Notice Of Motion And Motion To Dismiss For Failure To Exhaust State Remedies  - C 07-4542 RMW (PR).

2

1       As the exhibits show, petitioner has not exhausted all of the claims he now raises in his federal petition for writ of habeas corpus. On direct appeal, petitioner raised nine claims. Exh. A. In his petition for review, he raised three of the nine claims: (1) "The trial court committed reversible error under both state and federal law by denying Mr. Juniel's motions to sever the trial"; (2) "The trial court violated Mr. Juniel's constitutional rights by forcing him to declare in advance whether he would testify in his own defense"; and (3) "The prosecutor committed misconduct during argument." Exh. D.

       In his federal habeas corpus petition, petitioner raises the same three claims he raised in his Petition for Review. Pet. at 6D (Claim Four—denial of severance motion), 6G (Claim Eight—question whether petitioner would testify), 6J (Claim Eleven (in part)—prosecutorial misconduct). However, eight of his claims were not presented at all to the California Supreme Court. Further, only part of claim eleven, in which petitioner claims the prosecutor committed misconduct in numerous respects, was presented to the California Supreme Court. *Compare* Exh. D, Arg. III, with Pet. at 6J-6L (Claim Eleven).

       Petitioner admits in part that he did not raise all of his claims in the state courts. In his petition, he admits that claims one and two were not argued in the court of appeal. Pet. at 6B. He also admits that he never presented claim three to the court of appeal, stating he did not know of the facts underlying the claim at the time of his appeal. *Id*. Petitioner does not specifically acknowledge that he never presented these claims to the California Supreme Court, nor does he acknowledge that he raised only three claims in his Petition for Review out of the nine claims he initially presented to the court of appeal. As the record shows, however, petitioner has exhausted only two complete claims and one partial claim in the state supreme court.

       Because petitioner has failed to exhaust all of his claims in the state's highest court, his petition for writ of habeas corpus should be dismissed. 28 U.S.C. § 2254(b); *Rose v. Lundy*, 455 U.S. at 518-519. Alternatively, petitioner may elect to delete the unexhausted claims and proceed only on the exhausted claims. *Pliler v. Ford*, 542 U.S. 225 (2004).

Respondent's Notice Of Motion And Motion To Dismiss For Failure To Exhaust State Remedies - C 07-4542 RMW (PR).

3

## CONCLUSION

For the reasons stated, respondent respectfully requests that the petition for writ of habeas corpus be dismissed for failure to exhaust state remedies.

Dated: August 7, 2008

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

DANE R. GILLETTE
Chief Assistant Attorney General

GERALD A. ENGLER
Senior Assistant Attorney General

PEGGY S. RUFFRA
Supervising Deputy Attorney General


/s/ Joan Killeen
JOAN KILLEEN
Deputy Attorney General

Attorneys for Respondent

Respondent's Notice Of Motion And Motion To Dismiss For Failure To Exhaust State Remedies  - C 07-4542 RMW (PR).

4