EDMUND G. BROWN JR.
Attorney General of the State of California
DANE R. GILLETTE
Chief Assistant Attorney General
GERALD A. ENGLER
Senior Assistant Attorney General
PEGGY S. RUFFRA
Supervising Deputy Attorney General
JOAN KILLEEN
Deputy Attorney General
State Bar No. 111679
  455 Golden Gate Avenue, Suite 11000
  San Francisco, CA 94102-7004
  Telephone: (415) 703-5968
  Fax: (415) 703-1234
  Email: Joan.Killeen@doj.ca.gov
Attorneys for Respondent

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| **RICHARD JAMES JUNIEL, JR.,**<br><br>                 Petitioner,<br><br>    v.<br><br>**T. FELKNER, Warden,**<br><br>                Respondent. | C 07-4542 RMW (PR) |

**REPLY TO PETITIONER'S OPPOSITION TO MOTION TO DISMISS HABEAS CORPUS PETITION AS UNEXHAUSTED**

1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DANE R. GILLETTE
   Chief Assistant Attorney General
3  GERALD A. ENGLER
   Senior Assistant Attorney General
4  PEGGY S. RUFFRA
   Supervising Deputy Attorney General
5  JOAN KILLEEN
   Deputy Attorney General
6  State Bar No. 111679
     455 Golden Gate Avenue, Suite 11000
7    San Francisco, CA 94102-7004
     Telephone: (415) 703-5968
8  Fax: (415) 703-1234
     Email: Joan.Killeen@doj.ca.gov
9  Attorneys for Respondent

10            IN THE UNITED STATES DISTRICT COURT

11          FOR THE NORTHERN DISTRICT OF CALIFORNIA

12                    SAN JOSE DIVISION

13

14  **RICHARD JAMES JUNIEL, JR.,**              C 07-4542 RMW (PR)

15                            Petitioner,   **REPLY TO PETITIONER'S**
                                            **OPPOSITION TO MOTION**
16       **v.**                             **TO DISMISS HABEAS**
                                            **CORPUS PETITION AS**
17  **T. FELKNER, Warden,**                 **UNEXHAUSTED**

18                            Respondent.

19

20          Petitioner filed the above-entitled petition for writ of habeas corpus on August 31, 2007.

21  The Court issued an Order to Show Cause on April 28, 2008.  On August 13, 2008, respondent

22  moved to dismiss the petition for failure to exhaust state remedies.  On August 29, 2008, respondent

23  received petitioner's opposition to the motion, entitled, "Request of Court for Stay and Abeyance

24  or to Grant Equitable Tolling While Petitioner Exhausts All State Court Remedies."  Respondent

25  submits this reply.

26

27

28

Reply To Petitioner's Opposition To Motion To Dismiss Habeas Corpus Petition As Unexhausted - C 07-4542 RMW
(PR).

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2      As noted in respondent's motion to dismiss, petitioner has raised eleven claims in his

3  habeas corpus petition.  Two of those claims (claims four and eight) and part of a third claim (claim

4  eleven) had been raised in the California Supreme Court.  However, the remaining claims had never

5  been presented to the California Supreme Court.  Accordingly, respondent moved to dismiss the

6  petition for failure to exhaust state remedies.  Alternatively, respondent stated that petitioner could

7  elect to delete the unexhausted claims and proceed on the exhausted claims.

8      Petitioner now requests stay and abeyance of the petition while he exhausts his state court

9  remedies.  Alternatively, he requests that the court dismiss the petition without prejudice and grant

10  him equitable tolling while he exhausts his claims.

11      The stay and abeyance procedure "should be available only in limited circumstances."

12  *Rhines v. Weber*, 544 U.S. 269, 277 (2005).

13        Because granting a stay effectively excuses a petitioner's failure to present his claims first
       to the state courts, stay and abeyance is only appropriate when the district court

14        determines there was good cause for the petitioner's failure to exhaust his claims first in
       state court.  Moreover, even if a petitioner had good cause for that failure, the district

15        court would abuse its discretion if it were to grant him a stay when his unexhausted claims
       are plainly meritless.  Cf. 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas

16        corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust
       the remedies available in the courts of the State").

17

18  *Rhines v. Weber*, 544 U.S. at 277.  The court should also consider whether the petitioner "engaged

19  in intentionally dilatory litigation tactics."  *Id.* at 278.  If a district court determines that a stay is

20  appropriate, the stay must be limited by the timeliness concerns of the Antiterrorism and Effective

21  Death Penalty Act of 1996 (AEDPA), such that "reasonable time limits" are placed on a

22  "petitioner's trip to state court and back."  *Rhines v. Weber*, 544 U.S. at 277.

23      In his petition, petitioner acknowledged that claims one, two, and three had never been

24  presented to the state courts.  Pet. at 6B.  In his opposition to respondent's motion to dismiss,

25  petitioner again acknowledges that these claims were not exhausted in the state courts.  He contends

26  the claims were not raised because his appellate counsel was ineffective.  He also states he did not

27

28

Reply To Petitioner's Opposition To Motion To Dismiss Habeas Corpus Petition As Unexhausted - C 07-4542 RMW
(PR).

2

1  know the factual basis of the third claim until he received the state court records. Opp. at 2-3.[1/] He

2  states he was "under the strong clear impression and understanding" that appellate counsel presented

3  the remaining eight claims to the state supreme court after they were raised in the court of appeal.

4  Opp. at 2.

5          In *Wooten v. Kirkland*, ___ F.3d ___, 2008 WL 3905044 (9th Cir. Aug. 26, 2008), the

6  Ninth Circuit addressed a similar request for stay and abeyance of an unexhausted petition based on

7  the petitioner's contention that he was "'under the impression'" his appellate counsel had included

8  all of the claims raised in the court of appeal when he filed a petition for review in the California

9  Supreme Court. *Id*. at *3. In finding that the petitioner's explanation did not constitute good cause

10  for his failure to exhaust state court remedies, the Ninth Circuit observed, "To accept that a

11  petitioner's 'impression' that a claim had been included in an appellate brief constitutes 'good cause'

12  would render stay-and-abeyance orders routine." *Id*. The court continued,

13          Indeed, if the court was willing to stay mixed petitions based on a petitioner's lack
        of knowledge that a claim was not exhausted, virtually every habeas petitioner, at least
14      those represented by counsel, could argue he *thought* his counsel had raised an
        unexhausted claim and secure a stay. Such a scheme would run afoul of *Rhines* and its
15      instruction that district courts should only stay mixed petitions in "limited circumstances."
        [Citation.]

16

17  *Id*., italics in original. The court noted that were it to "endorse such a broad interpretation of 'good

18  cause' that allowed for routine stays of mixed petitions, we would also be undermining the goals of

19  AEDPA." *Id*. In addition, while he blamed appellate counsel for failing to exhaust his claims, the

20  petitioner had not developed any ineffective assistance of counsel argument. *Id*. n.2. The court held

21  the petitioner's "'impression' that his counsel had exhausted an unexhausted claim does not

22  constitute 'good cause' for failure to exhaust that claim." *Id*. Accordingly, the district court

23  properly dismissed the petition. *Id*.

24          Other than summarily contending his appellate counsel was ineffective for failing to raise

25  the first three claims and that he thought appellate counsel had exhausted the remaining eight claims,

26  petitioner presents no basis for finding good cause for his failure to exhaust state court remedies.

27  

28          1. He does not add that he represented himself at trial.

Reply To Petitioner's Opposition To Motion To Dismiss Habeas Corpus Petition As Unexhausted - C 07-4542 RMW
(PR).

3

1   And, like the petitioner in *Wooten v. Kirkland*, he raises no ineffective assistance of appellate

2   counsel argument.  He also does not explain why the claims would be meritorious, particularly in

3   light of the state court's rejection of the claims raised in the court of appeal, and counsel's

4   determination not to raise most of those claims in the state supreme court, or to raise the three new

5   claims petitioner now contends should have been raised.  Accordingly, petitioner has not shown

6   good cause for stay and abeyance of his petition while he exhausts his state remedies.

7         Petitioner suggests the court could dismiss the petition and grant him equitable tolling

8   while he exhausts his state remedies, but his time to file a petition for writ of habeas corpus expired

9   on September 12, 2007, nearly a year ago.  Further, since the pending petition was timely when it

10  was filed, there is no basis for equitable tolling.  In any event, petitioner's suggestion is no different

11  in effect than a request for stay and abeyance, and similarly without merit.

12        Petitioner could elect to proceed only on the exhausted claims and delete the unexhausted

13  claims.  *Pliler v. Ford*, 542 U.S. 225 (2004).  However, respondent opposes the stay and abeyance

14  procedure because petitioner has not shown good cause for his failure to exhaust his claims in state

15  court.  *Wooten v. Kirkland*, 2008 WL 3905044, *3.

16

17

18

19

20

21

22

23

24

25

26

27

28

Reply To Petitioner's Opposition To Motion To Dismiss Habeas Corpus Petition As Unexhausted - C 07-4542 RMW (PR).

4

**CONCLUSION**

For the reasons stated, respondent respectfully requests that the motion to dismiss the petition for failure to exhaust state remedies be granted.  Alternatively, petitioner may proceed on the exhausted claims and delete the unexhausted claims.

Dated:  September 9, 2008

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

DANE R. GILLETTE
Chief Assistant Attorney General

GERALD A. ENGLER
Senior Assistant Attorney General

PEGGY S. RUFFRA
Supervising Deputy Attorney General

/s/ Joan Killeen

JOAN KILLEEN
Deputy Attorney General

Attorneys for Respondent

Reply To Petitioner's Opposition To Motion To Dismiss Habeas Corpus Petition As Unexhausted - C 07-4542 RMW (PR).

5

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:   *Juniel, Jr. v. Felkner, Warden*

No.:   **C 07-4542 RMW (PR)**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On **September 9, 2008**, I served the attached **REPLY TO PETITIONER'S OPPOSITION TO MOTION TO DISMISS HABEAS CORPUS PETITION AS UNEXHAUSTED** by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA  94102-7004, addressed as follows:

**Richard James Juniel, Jr.**
**Petitioner**
**V18808**
**High Desert State Prison**
**P. O. Box 750**
**Susanville, CA  96127-0750**

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on **September 9, 2008**, at San Francisco, California.

| | |
|---|---|
| **M. Otanes** | |
| Declarant | Signature |

20141700.wpd