***E-FILED - 11/20/08***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RICHARD JAMES JUNIEL, JR., | ) | No. C 07-4542 RMW (PR) |
| Petitioner, | ) ) | ORDER GRANTING MOTION TO DISMISS; DISMISSING WITH |
| vs. | ) ) | LEAVE TO AMEND; DENYING MOTION TO STAY; |
| T. FELKNER, Warden, | ) ) | ADDRESSING PENDING MOTIONS |
| Respondent. | ) ) ) | (Docket Nos. 8, 9, 10) |

Petitioner, a California prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] The court ordered respondent to show cause why the petition should not be granted based on petitioner's eleven cognizable claims, to wit: (1) the police department tampered with evidence used to convict him at trial; (2) ineffective assistance of counsel at the preliminary hearing and abuse of discretion by the denial of a continuance

---

[1] The court is in receipt of two letters sent by petitioner (docket nos. 12 and 13), indicating that he had previously sent two pleadings to court that have not been docketed. Petitioner attached one such pleading entitled Ex Parte Motion for Order of Legal Documents from Prison Officials. The court notes that the motion's certificate of service indicates that it was neither sent to the Clerk of the Court for filing, nor to the correct courthouse, which explains why such motion was not properly filed. The second pleading neither received nor filed in this court was petitioner's opposition to respondent's motion to dismiss. However, the court obtained a copy of such opposition via fax from counsel for respondent, and directs the Clerk to docket the opposition as filed on August 24, 2008.

1  which forced defense counsel to proceed unprepared; (3) juror misconduct; (4) petitioner's trial
2  was improperly joined with the trial of an adverse co-defendant with antagonizing, irreconcilable
3  defenses which violated his right to due process; (5) the admission of evidence of alleged prior
4  bad acts and bad character violated his federal right to due process and was erroneous under the
5  California Evidence Code; (6) the admission of petitioner's letter to his attorney at trial violated
6  the attorney-client privilege under the Sixth Amendment and was admitted without the requisite
7  402 hearing; (7) the trial court's ruling concerning the admission of his prior bad acts and bad
8  character violated his right to due process and right to present a defense; (8) the trial court forced
9  petitioner to declare in advance whether he would testify in violation of his right to remain silent
10 under the Fifth Amendment; (9) the trial court's refusal to give an instruction regarding the
11 lesser-included offense of manslaughter violated state and federal law; (10) the trial court's
12 failure to give an instruction pursuant to CAL JIC No. 8.73 violated state and federal law; and
13 (11) prosecutorial misconduct throughout the trial violated his right to due process.

14      Respondent has filed a motion to dismiss alleging that petitioner failed to exhaust eight
15 and a half claims out of eleven.  Petitioner does not dispute that at least three claims are
16 unexhausted, but instead has filed a motion to stay this matter while he exhausts the remaining
17 claims in state court, or, alternatively, requests that the court dismiss the petition without
18 prejudice and grant equitable tolling during the time petitioner returns to state court to exhaust.

19      Prisoners in state custody who wish to challenge collaterally in federal habeas
20 proceedings either the fact or length of their confinement are first required to exhaust state
21 judicial remedies, either on direct appeal or through collateral proceedings, by presenting the
22 highest state court available with a fair opportunity to rule on the merits of each and every claim
23 they seek to raise in federal court.  See 28 U.S.C. § 2254(b),(c); Rose v. Lundy, 455 U.S. 509,
24 515-16 (1982).  A federal district court must dismiss a federal habeas petition even if it contains
25 only a single claim as to which state remedies have not been exhausted under 28 U.S.C.
26 § 2254(b), (c).  See Rose, 455 U.S. at 522.

27      The parties do not dispute that the filed petition is mixed.  In lieu of dismissal, however,

28

Order Granting Motion to Dismiss; Dismissing with Leave to Amend; Denying Motion to Stay; Addressing Pending Motions
P:\PRO-SE\SJ.Rmw\HC.07\Juniel542mtdmixed.wpd    2

1  petitioner requests that this matter be stayed while he exhausts his unexhausted claims.  District
2  courts have the authority to issue stays of mixed federal habeas petitions, and the AEDPA does
3  not deprive them of that authority.  <u>Rhines v. Weber</u>, 544 U.S. 269, 277-78 (2005).  The use of a
4  stay and abeyance is only appropriate, however, where the district court has first determined that
5  there was good cause for the petitioner's failure to exhaust the claims in state court and that the
6  claims are potentially meritorious.  <u>Id.</u>  The court has already found the claims to be cognizable,
7  and thus they have potential for merit.

8        Petitioner states that he was under the impression that appellate counsel filed claims four
9  through eleven both the California Court of Appeal and at the California Supreme Court levels.
10 As far as petitioner knew, he believed that only claims one through three were unexhausted.
11 Petitioner further states that claims one through three were unexhausted because counsel on
12 appeal did not present them to the state court on appeal.  In addition, petitioner states that he
13 only learned of the constitutional violation of claim 3 after he received the trial transcripts eleven
14 months after the California Supreme Court denied a petition for review.

15       The Ninth Circuit has recently held that counsel's failure to include claims on direct
16 appeal does not establish "good cause" to grant a pro se petitioner's request to stay a mixed
17 federal petition under <u>Rhines</u>.  <u>Wooten v. Kirkland</u>, 540 F.3d 1019, 1023-24 (9th Cir. 2008)
18 (upholding denial of stay because petitioner's incorrect belief that counsel had raised claims to
19 the California Supreme Court on direct appeal did not establish good cause under <u>Rhines</u> for
20 failure to exhaust claims earlier).  Petitioner asserts that counsel's failure to raise such claims on
21 direct appeal amounted to ineffective assistance of counsel, but, like the petitioner in <u>Wooten</u>, he
22 has not "developed any ineffective assistance of counsel argument" by arguing deficient
23 performance or prejudice under <u>Strickland v. Washington</u>, 466 U.S. 668 (1984).  <u>See</u> <u>Wooten</u>,
24 540 F.3d at 1024, n.2.  As a result, his assertion that ineffective assistance of counsel does not,
25 without more, establish good cause for a stay under <u>Rhines</u>.  <u>See</u> <u>id.</u>  Accordingly, petitioner's
26 motion for a stay will be DENIED.

27       As the petition is a mixed petition, containing both exhausted and unexhausted claims,
28

Order Granting Motion to Dismiss; Dismissing with Leave to Amend; Denying Motion to Stay; Addressing Pending Motions
P:\PRO-SE\SJ.Rmw\HC.07\Juniel542mtdmixed.wpd      3

1 petitioner will be granted an opportunity to file an amended petition containing only his
2 exhausted claims.  If petitioner fails to file such an amended petition according to the
3 instructions set forth below, this action will be dismissed without prejudice to filing a new
4 petition containing only unexhausted claims.  However, a new petition would be time barred,
5 absent cause for equitable tolling,[2] upon his return to federal court if he opted to dismiss the
6 petition without prejudice and return to state court to exhaust all his claims.

7      For the foregoing reasons, the Court orders as follows:

8      1.   Respondent's motion to dismiss (docket no. 9) is GRANTED.  Petitioner's
9 motion to stay is DENIED.

10      2.   This action is DISMISSED with leave to file an amended petition containing only
11 exhausted claims within **thirty (30) days** of the date this order is filed.  The amended petition
12 must include the caption and civil case number used in this order (No. C 07-4542 RMW (PR))
13 and the words FIRST AMENDED PETITION on the first page.

14      **The amended petition supersedes the original petition, and petitioner may not**
15 **incorporate material from the prior petition by reference.  The amended petition must only**
16 **include exhausted claims, and it must forth all the claims petitioner wishes this court to**
17 **consider with sufficient clarity and particularity for respondent to prepare an answer.  If**
18 **petitioner fails to file an amended petition in conformity with this order, this action will be**
19 **dismissed without prejudice.**

20      5.   Petitioner's motion to deny and dismiss respondent's motion for extension of time
21 (docket no. 8), received July 30, 3008, after the court had already granted such extension (docket
22 no. 7) is DENIED as moot.

23      6.   Plaintiff's motion to request the record on appeal after judgment and final order is
24 requesting all original filed pleadings, a certified copy of the docket sheet, and a transcript of the
25 proceedings is DENIED as this case has not yet concluded.

---

27   [2] To the extent petitioner requests equitable tolling, that request is denied.  Because petitioner's current petition is timely filed, equitable tolling is unnecessary.

Order Granting Motion to Dismiss; Dismissing with Leave to Amend; Denying Motion to Stay; Addressing Pending Motions
P:\PRO-SE\SJ.Rmw\HC.07\Juniel542mtdmixed.wpd    4

1   This order terminates Docket Nos. 8, 9, and 10.

2   IT IS SO ORDERED.

3   DATED: __11/17/08_____    *Ronald M. Whyte*
                              _____
4                             RONALD M. WHYTE
                              United States District Judge

Order Granting Motion to Dismiss; Dismissing with Leave to Amend; Denying Motion to Stay; Addressing Pending Motions
P:\PRO-SE\SJ.Rmw\HC.07\Juniel542mtdmixed.wpd      5