*E-FILED - 3/18/09*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RICHARD JAMES JUNIEL, JR., | ) | No. C 07-4542 RMW (PR) |
| Petitioner, | ) | ORDER TO SHOW CAUSE |
| vs. | ) | |
| T. FELKNER, Warden, | ) | |
| Respondent. | ) | |

Petitioner, a state prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. After granting respondent's motion to dismiss for failure to exhaust, the court directed petitioner to file an amended petition containing only exhausted claims. Petitioner filed a second amended petition on February 25, 2009. The court orders respondent to show cause why a writ of habeas corpus should not be issued.

**BACKGROUND**

According to the petition, an Alameda Superior Court jury convicted petitioner of murder with the personal use of a firearm and an enhancement for great bodily injury (Cal. Penal Code §§ 187, 12022.53(b), (c), (d)) and possession of an assault weapon (Cal. Penal Code §§ 12280(b)). Petitioner was sentenced on December 15, 2003, and is currently serving his sentence at High Desert State Prison. On direct appeal, the state appellate court affirmed the judgment and conviction on February 16, 2006. The state supreme court denied a petition for review on June

14, 2006. Petitioner's federal petition was filed on August 31, 2007. Petitioner's first amended petition was filed on December 15, 2008. Petitioner's second amended petition was filed on February 25, 2009.

## DISCUSSION

**A.     Standard of Review**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975). A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

**B.     Petitioner's Claims**

As grounds for federal habeas relief petitioner asserts that: (1) the trial committed reversible error under both state and federal law by denying his motions to sever trial from his co-defendant with whom he shared antagonistic and irreconcilable differences; (2) the trial court forced petitioner to declare in advance whether he would testify in his own defense before hearing all of the evidence against him; and (3) the prosecutor engaged in misconduct at closing argument. Liberally construed, petitioner's allegations are sufficient to require a response. The court orders respondent to show cause why the petition should not be granted.

## CONCLUSION

1. The clerk shall serve by mail a copy of this order and the second amended petition (docket no. 19) and all attachments thereto upon the respondent and the respondent's attorney, the Attorney General of the State of California. The clerk shall also serve a copy of this order on the petitioner.

2. Respondent shall file with the court and serve on petitioner, within **sixty days** of the date of receipt of this order and the petition, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not

1  be granted. Respondent shall file with the answer and serve on petitioner a copy of all portions of
2  the underlying state criminal record that have been transcribed previously and that are relevant to
3  a determination of the issues presented by the petition. If petitioner wishes to respond to the
4  answer, he shall do so by filing a traverse with the court and serving it on respondent within
5  **thirty days** of his receipt of the answer.

6  　　　3.　Respondent may file a motion to dismiss on procedural grounds in lieu of an answer,
7  as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254
8  Cases within **sixty days** of the date of receipt of this order. If respondent files such a motion,
9  petitioner shall file with the court and serve on respondent an opposition or statement of non-
10  opposition within **thirty days** of receipt of the motion, and respondent shall file with the court
11  and serve on petitioner a reply within **fifteen days** of receipt of any opposition.

12  　　　4.　It is petitioner's responsibility to prosecute this case. Petitioner is reminded that
13  all communications with the court must be served on respondent by mailing a true copy of the
14  document to respondent's counsel. Petitioner must keep the court and all parties informed of any
15  change of address by filing a separate paper captioned "Notice of Change of Address." He must
16  comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal
17  of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

18  　　　IT IS SO ORDERED.
19  DATED: __3/16/09_____

　　　　　　　　　　　　　　　　　　　*Ronald M. Whyte*
　　　　　　　　　　　　　　　　　　　RONALD M. WHYTE
　　　　　　　　　　　　　　　　　　　United States District Judge